**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


| | | |
|---|---|---|
| **BOBBY JAMES MOSLEY, JR.** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 3:16-1498** |
| | ] | **Judge Campbell** |
| **JUDE SANTANA, et al.** | ] | |
| **Defendants.** | ] | |


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Jude Santana, a prosecutor in Davidson County; and Leah Wilson, his court-appointed attorney; seeking damages.

On July 15, 2015, the plaintiff was arrested and charged with attempted murder. He alleges that evidence proving his innocence "was concealed and altered." Docket Entry No. 1 at pg. 5.

A prosecutor enjoys absolute immunity for conduct within the scope of his prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Moreover, attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); *see also* Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claims against his prosecutor and the attorney appointed to represent him are not actionable under § 1983.

In any event, a prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling

on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff proceeding as a pauper has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Todd Campbell
United States District Judge